**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLAND SPECIALTY INGREDIENTS G.P., <br><br> Plaintiff, <br><br> v. <br><br> ANTHEM SOUTH, LLC, d/b/a ANTHEM SOUTH, and DISPOSABLE HYGIENE, LLC, d/b/a ANTHEM UNITES STATES OF BEAUTY, <br><br> Defendants. | Civil Action No. 2:22-cv-6259 (SDW) (JRA) <br><br> **OPINION** <br><br> January 3, 2024 |

    **THIS MATTER** having come before this Court upon Plaintiff Ashland Specialty Ingredients G.P.'s ("Plaintiff") filing of a Motion for an Order Striking Defendant Anthem South, LLC, d/b/a Anthem South, and Disposable Hygiene, LLC, d/b/a Anthem United States of Beauty (collectively, "Anthem") Answer and Entering Default Judgment, (D.E. 28), pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) and 55(b); and

    **WHEREAS** Plaintiff filed its Complaint on October 25, 2022, against Anthem alleging Anthem's failure to pay invoices for products it ordered and received throughout January and February 2022.  (D.E. 1 at 1-12); and

    **WHEREAS** The Complaint was properly served, and the summons was executed on Anthem on November 1, 2022.  Anthem filed its Answer on December 1, 2022, the parties filed a joint discovery plan, and participated in preliminary settlement negotiations throughout 2023; and

**WHEREAS** By Letter Order dated June 7, 20223, Magistrate Judge Almonte granted Wasserman Legal LLC's Motion to Withdraw as Attorney for Anthem due to outstanding legal fees. In that same Order Judge Almonte directed Anthem to enter the appearance of new counsel by July 21, 2023, in advance of the status conference that was scheduled for August 22, 2023. (D.E. 24 at 3-4); and

**WHEREAS** Anthem failed to enter an appearance of new counsel by July 21, 2023. As a result, on August 22, 2023, Judge Almonte adjourned the status conference and directed Anthem to enter the appearance of new counsel by September 5, 2023. Anthem failed to enter an appearance of new counsel by September 5th. Consequently, on September 8, 2023, Plaintiff requested the Court to enter a default against Anthem pursuant to Rule 55(a)[1] which was entered on September 11, 2023. (D.E. 27.) Thereafter, on November 27, 2023, Plaintiff filed a motion to strike Anthem's Answer to the Complaint and a motion for Default Judgment pursuant to Rule 55(b)(2); and

**WHEREAS** subject matter jurisdiction exists because Plaintiff is a citizen of a different state than Anthem, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Additionally, personal jurisdiction exists because Anthem maintains New Jersey locations and the conduct giving rise to this dispute occurred in New Jersey. *See Associated Business Telephone Systems Corp. v. Danihels*, 829 F. Supp. 707, 711 (D.N.J. 1993); and

**WHEREAS** to determine whether default judgment is appropriate under Rule 55(b)(2) the court considers three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to

---

[1] Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a); *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed.Appx. 519, 521 n. 1 (3d Cir.2006).

culpable conduct." *Price Home Grp., LLC v. Ritz-Craft Corp. of Pennsylvania*, No. CV 16-668, 2017, WL 5191807 *3 (D.N.J. Nov. 8, 2017) (quoting *Allaham v. Naddaf*, 635 Fed. Appx. 32, 36 (3d Cir. 2015); and

**WHEREAS** the Court finds that Plaintiff would be prejudiced if default is denied because despite Judge Almonte's orders, Anthem has not entered an appearance for new counsel, responded to Plaintiff's motions or made any effort to update the Court on its progress to that end. *See Price Home Grp., LLC*, No. CV 16-668, 2017 WL 5191807 at *4 (holding that the defendants repeated failure to enter the appearance of counsel was willful and intentional and further delay would prejudice the plaintiff). It is well settled that the failure of an LLC to be represented by counsel merits the dismissal of the entity's claims and is an appropriate basis for the entry of default judgment against the entity.[2] Further, Anthem has not presented a litigable defense because the Answer consists of simple denials "without further elaboration or reference to the specific facts . . . and this Court has no other basis from which to extrapolate a defense." *Id.* Finally, Anthem was given multiple opportunities and extensions to find and enter the appearance of new counsel and failed to do so each time and since May 2023, has gone silent and nonresponsive. A default judgment pursuant to Rule 55(b)(2) is appropriate; therefore,

Taking the allegations in the Complaint as true the Court finds that Anthem breached the parties' Payment Plan by failing to remit payment as outlined in the agreement which caused Plaintiff damages in the amount of $131,710.80[3]. *See* D.E. 1; *see also Polidoro v. Saluti*,

---

[2] "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966) (per curiam) (holding that "a corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court"). "The same applies to LLCs, . . . because . . . LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 Fed.Appx. 71, 72 (3d Cir. 2012).

[3] This figure is the sum of the amounts due under the Payment Plan and Subsequent Invoices, less a credit of $19,790.00 existing on Anthem's account with Plaintiff. *See* D.E. 1 at 5 n.1.

Fed.Appx. 189,190 (3d Cir. 2017).  As of the date of this Opinion, Anthem has not entered an appearance for new counsel or responded to Plaintiff's motions for Default Judgment.  Accordingly, Plaintiff's Motion to Strike the Answer and Motion for Default Judgment, (D.E. 28), are **GRANTED**.  An appropriate order follows.

/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    Jose R. Almonte, U.S.M.J.